-1-

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Anthony Chester, an individual, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> Alliance Security Inc., <br><br> Defendant. | COURT FILE NO.: _____ <br><br><br> **COMPLAINT - CLASS ACTION** <br><br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. ANTHONY CHESTER ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of ALLIANCE SECURITY INC. ("Defendant") in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 due to a violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. Plaintiff resides in Hennepin County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

4. At the time of the substantial part of the events or omissions giving rise to the claim occurred, specifically some time before August 25, 2015, Plaintiff was physically located in the City of Minneapolis, County of Hennepin, State of Minnesota, making venue proper pursuant to 28 U.S.C. § 1391b(2).

5. At all times relevant, Defendant conducted business within the State of Minnesota.

## PARTIES

6. Plaintiff is a citizen and resident of the City of Minneapolis, County of Hennepin, State of Minnesota. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

7. Defendant is located in the City of Islip Terrace, County of Suffolk, State of New York. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

8. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of Minnesota and within this judicial district.

**FACTUAL ALLEGATIONS**

9. At all times relevant, Plaintiff was a citizen of the State of Minnesota. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

10. Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (39).

11. At all times relevant Defendant conducted business in the State of Minnesota and within this judicial district.

12. At no time did Plaintiff provide Plaintiff's cellular phone number to Defendant through any medium.

13. At no time did Plaintiff ever enter in a business relationship with Defendant.

14. On or about July 29, 2015, Defendant began to contact Plaintiff on Plaintiff's cellular telephone number ending in 7365 from three different telephone numbers (929) 332-2402, (401) 203-0469, and (206) 693-2459.

15. Defendant placed no less than four automated calls to Plaintiff's cellular telephone number.

16. On or about July 29, 2015, Defendant called Plaintiff's cellular telephone number from the number (929) 332-2402 ("Call #1") and played a

prerecorded voice message, asking Plaintiff if he would like to receive a home security system and have a "specialist" call him back to discuss the offer with him.

17. During Call #1, Plaintiff responded "no" to all of the prerecorded, automated prompts, including whether or not Plaintiff wanted a home security system and/or would like someone to contact him about receiving one.

18. Despite Plaintiff requesting not to be contacted, approximately one hour later on or about July 29, 2015, Defendant called Plaintiff's cellular telephone from the number (401) 203-0469 ("Call #2") and a representative identified himself as "Keith . . . from Alliance Security" ("Keith").

19. During Call #2, Plaintiff asked how Defendant obtained Plaintiff's number to call Plaintiff, and Keith responded by saying it was "public knowledge."

20. During Call #2, Keith acknowledged that Plaintiff sounded "irritated" about receiving calls from Defendant.

21. During Call #2, Plaintiff again asked how Defendant acquired Plaintiff's information to call him, and Keith responded by again stating it was "public knowledge."

22. During Call #2, Plaintiff stated "you can't call me if I didn't give you authorization to do so" and Keith replied "yes . . . anybody in the country can actually call anybody who owns a home, actually, no matter what, unless it's

after nine o'clock at night, and if it's after nine, then you have a situation where you can actually move ahead and try to fine somebody."

23. During Call #2, Keith asked if Plaintiff would like to be "taken off the list" and that Keith could "take [Plaintiff] off the list right now."

24. During Call #2, Plaintiff stated, "I would like to be taken off the list," Keith responded "not a problem" and hung up on Plaintiff.

25. On or about July 29, 2015, about three minutes after Call #2, Defendant again called Plaintiff's cellular telephone from the number (401) 203-0469 ("Call #3") and a representative again identified himself as "Keith, calling back from Alliance Security" ("Keith").

26. Upon information and belief, this was the same "Keith" that was the representative in Call #2.

27. During Call #3, Plaintiff asked, "I just told you to take me off the list, why are you calling me back?"

28. During Call #3, Keith stated he would "take [Plaintiff] right off the list" and then hung up.

29. On or about August 3, 2015, Defendant again called Plaintiff's cellular telephone number from the number (206) 693-2459 ("Call #4") and played a prerecorded voice message, asking Plaintiff if he would like to receive a home

security system and whether Plaintiff would like to learn how he could get one.

30. During Call #4, Plaintiff responded "no" to all of the prerecorded, automated prompts, including whether or not Plaintiff would like to receive a home security system and/or learn how to get one.

31. Upon information and belief, Plaintiff alleges that through these telephone calls, Defendant was attempting to contact Plaintiff for commercial purposes to solicit Plaintiff's business.

32. When a consumer calls the telephone numbers (929) 332-2402, (401) 203-0469, and (206) 693-2459, the consumer gets the same pre-recorded message stating "if you are not interested in receiving any future calls regarding our special promotions, and would like to be placed on our do-not-call-list, please press one now."

33. The telephone calls described above were unsolicited by Plaintiff.

34. Through this conduct, Defendant contacted Plaintiff's cellular telephone via an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A) and at least two of the calls utilized an artificial or prerecorded voice.

35. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

36. This ATDS also has the capacity to call telephone numbers stored in a list or database without human intervention.

37. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

38. The telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

39. Plaintiff did not provide Defendant or its agent prior express consent, or prior express written consent, to receive calls to his cellular telephone, including by means of ATDS, pursuant to 47 U.S.C. § 227(b)(1)(A).

40. These telephone calls by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

42. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who received any telephone call/s from Defendant and/or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system and/or prerecorded voice calls which were not made for emergency purposes, within the four years prior to the filing of the Complaint in this action.

43. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not substantially more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

44. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an ATDS and/or artificial or prerecorded voice for marketing purposes, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

45. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

46. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agent's records.

47. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a)  Whether, within the four years prior to the filing of this Complaint, Defendant or its agents made automated calls to the Class (other than a message made for emergency purposes or made with the prior express written consent of the called party) using any automatic dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular phone service;

    b)  Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    c)  Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

48. As a person that received at least one call utilizing an ATDS and/or an artificial or prerecorded voice without Plaintiff's prior express written

consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

49. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

50. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

51. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and Minnesota law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

52. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 277 ET SEQ.

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

55. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

56. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 277 ET SEQ.

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

59. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

60. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TCPA , 47 U.S.C. § 277 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA , 47 U.S.C. § 277 ET SEQ.**

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

**JURY DEMAND**

61. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Dated: November 24, 2015   **BARRY & HELWIG, LLC**

By: **s/Peter F. Barry**
Peter F. Barry, Esq.
Attorney I.D.#0266577
2701 University Ave SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone: (612) 379-8800

        Facsimile: (612) 379-8810
        pbarry@lawpoint.com

pfb/ra         **Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA          )
                            ) ss
COUNTY OF HENNEPIN          )

Pursuant to 28 U.S.C. § 1746, Plaintiff Anthony Chester, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 24, 2015.

_____
Signature